ATTACHMENT TO COMPLAINT

<u>Cedric Jackson, et. al. v. King County</u>

U.S. District Court for the Western District of Washington

Cause No. : unfiled

## **Settlement Agreement**

**King County, Columbia Legal Services (CLS)** as proposed class counsel on behalf of

the Class defined herein and Proposed Named Plaintiffs/Class Representatives **Maryanne**

**Atkins, Cedric Jackson, Torry Love, Tristan Pascua,** and **Patrick Tables**, on behalf of

themselves and The Class they seek to represent as defined herein (hereinafter **"the Parties")**

hereby enter into the following agreement for the purpose of settling all claims between the

Parties for physical, emotional, and other injuries laid out in the complaint.

## **Recitals**

A.    **King County** operates two Adult Detention Facilities: The Maleng Regional

Justice Center located in Kent, Washington, and the King County Correctional Facility located in

Seattle, Washington.  The Proposed Named Plaintiffs seek to represent a Class consisting of:

> Juveniles charged as adults between 2014-2019 who still had claims that had not expired
> pursuant to the applicable statute of limitations as of the date(s) the Parties executed a
> tolling agreement (as further described below) and who were subject to solitary
> confinement/restrictive housing at the Maleng Regional Justice Center and/or the King
> County Correctional Facility as of July 23, 2021, while they were:
>
> 1. Under the age of 18 years old;
>
> and/or
>
> 2. while they were 18 years of age or older, considered "juveniles" under the
> definition of King County Ordinance 18637, and the solitary confinement was on
> and/or after that Ordinance's July 1, 2018 effective date.

"Juveniles charged as adults" is defined to be those individuals charged with crimes under Washington laws governing the automatic or discretionary decline of juvenile court jurisdiction, which are contained at RCW 13.04.030 and RCW 13.40.110.

The Class is limited to those individuals whose statute of limitations had not yet expired at the time of the Parties' Statute of Limitations tolling agreement, which tolled claims of class members during the course of negotiations. The Parties' Statute of limitations tolling agreement was initially signed on September 24, 2019 to toll the statute of limitations for individuals in the class who were subject to solitary confinement/restrictive housing between September 24, 2016-2019, and later amended on November 26, 2019 to also cover those individuals in the class who were subject to solitary confinement/restrictive housing before September 24, 2016 and whose claim had not expired pursuant to the applicable statute of limitations as of the November 26, 2019 amended tolling agreement signing date.

B.     **The Parties**, through their respective counsel, have engaged in settlement negotiations in good faith and at arms-length.  **The Parties**, through their respective counsel, have conducted their own investigations of the facts and law applicable to the case.  As a result, **the Parties** reached a settlement that they believe is fair, adequate, and reasonable in light of the relevant law and facts, and that they believe is in the best interests of **the Parties**.

C.     **The Parties** acknowledge that this Agreement is beneficial for all involved. In reaching this conclusion, **the Parties** considered the uncertainty, risks, difficulties, and delays inherent in any litigation; the burden of proof necessary to prevail on any possible claims; and the defenses thereto.

**<u>Terms and Conditions</u>**

In light of the foregoing Recitals, **the Parties** hereby agree to the following terms and conditions:

1. <u>Definitions</u>: The following definitions apply to the terms of this Agreement:

   a. <u>The Class</u>:

      Juveniles charged as adults between 2014-2019 who still had claims that had not expired pursuant to the applicable statute of limitations as of the date(s) the Parties executed a tolling agreement and who were subject to solitary confinement/restrictive housing at the Maleng Regional Justice Center and/or the King County Correctional Facility as of July 23, 2021, while they were:

      i. Under the age of 18 years old;

         and/or

      ii. while they were 18 years of age or older, considered "juveniles" under the definition of King County Ordinance 18637, and the solitary confinement/restrictive housing was on and/or after that Ordinance's July 1, 2018 effective date.

   b. An illustrative list of Class Members shall be filed with this Settlement Agreement as Exhibit A and incorporated by reference herein.

   c. <u>Settlement Class</u>:  All Class members who do not timely opt out and who may or may not be receiving a monetary settlement as part of this Agreement. The list of Settlement Class members will be finalized upon class certification and court approval of the settlement proposal.

   d. <u>Class Member</u>:  Individual who is a member of either The Class and/or the Settlement Class.

   e. <u>Compensable Days</u>: Compensable Days is defined as days the Class Member was confined in solitary confinement or in isolation without meaningful

human contact, regardless of the reason for such confinement. Meaningful human contact is defined as the opportunity for more than 2 hours of time per day, out of their cell or room, and around other confined individuals. Compensable Days specifically and always includes the following:

     i. Being held in all forms of what King County calls restrictive housing (including but not limited to administrative segregation, protective custody unless the protective custody was after January 22, 2018 and the individual had more than 2 hours out per day around others, infirmary or psychiatric housing, restrictive housing while awaiting a disciplinary hearing also known as "pre DDL", and disciplinary restrictive housing also known as "DDL")

     AND/OR

     ii. Being locked in an individual cell or room, without any meaningful human contact.

f.     The Proposed Named Plaintiffs/Class Representatives have agreed, for settlement purposes only, that they will not seek damages for time spent in group max housing, except for days in group max housing that meet the definition of Compensable Days above. This agreement is for settlement purposes only. The Proposed Named Plaintiffs/Class Representatives do not concede that group max housing complies with King County Ordinance 18637. King County does not agree that the confinement described above is legally actionable, but for purposes of settlement King County agrees that the number of Compensable Days was calculated to include the categories above.

g.     <u>Day</u>: A Day is defined as 24 hours in a situation meeting the definition of a Compensable Day above. Days and fractions of Compensable Days will be calculated for each Class Member in accordance with Plaintiffs' calculation and

distribution plan, which CLS will file in support of the motion for preliminary approval of the settlement.

h.      Final Approval:  The date upon which the Court enters a final order approving the settlement.  This date will trigger the ten (10) business-day requirement for **King County** to issue payment to **CLS**, who will act as settlement administrator for the Class.

2.      Class Certification:  **The Parties** agree that the Proposed Named Plaintiffs/Class Representatives will file a complaint in U.S. District Court on behalf of themselves and The Class. **The Parties** agree that the executed settlement agreement will be filed at the same time as the complaint. **The Parties** agree to the certification of this action as a class action for settlement purposes, pursuant to Fed. R. Civ. P. 23. **The Parties** agree that the following identified Class Representatives can fairly and adequately represent The Class and all Settlement Class members for purposes of class certification and settlement approval and have claims that are typical of The Class: **Maryanne Atkins, Cedric Jackson, Torry Love, Tristan Pascua,** and **Patrick Tables**. The Parties agree that Columbia Legal Services (CLS) should be appointed as counsel to represent the interests of The Class as defined herein and as pursuant to Fed R. Civ. P. 23(g). **King County** agrees that, for purposes of settlement and subject to the provisions of paragraph 9 below, it will not object to certification of The Class as defined herein.

3.      Class Settlement Amount:  King County agrees to pay $500 per each Compensable Day (and prorated for each fraction of a day) each class member spent in solitary confinement/restrictive housing.

4.      Tentative Initial Total Settlement Amount: As of July 15, 2021, CLS has provided King County with 61 Releases of Information for possible Class Members. King County agrees

that 55 of these individuals are Class Members and that these individuals have a total of at least

2,172 Compensable Days. **The Parties** agree that the number of Compensable Days varies

between individual Class Members. Compensable Days for individual Class Members vary from

nearly 1 day to more than 190 days. Subject to the provisions set forth in paragraphs 5-9 below,

**King County** will pay the following in full and final settlement of this matter within 10 business

days following Final Approval of the settlement:

$1,086,000     (2,172 days @ $500/day)

5.      **The Parties** agree that the total final settlement amount may vary depending on

the number of class members that opt out, and the Parties agree that the total final settlement

amount is subject to the provisions set forth in paragraphs 7-9 below, including additional record

review, additional class members entitled to compensation, and class member opportunity to

appeal or dispute the calculation of their individual settlement amount. To the extent the Court

requires a distribution plan as part of the settlement approval process, **CLS** agrees that it is

responsible for such plan and all associated costs regarding same.

6.      Attorney Fees and Costs to **CLS**: Subject to the provisions of paragraph 9(c)

below, **King County** agrees to pay to CLS $50,000 in attorney's fees and costs. **CLS** will file a

motion with the court for approval of $50,000 in attorney's fees and costs, and **King County**

agrees not to object to the motion and agrees **CLS** is entitled to this amount. **King County**

agrees to pay this amount within ten (10) business days after Final Approval of the Settlement

and Final Approval of Attorney's Fees and Costs.

7.      Adjustments in Settlement Amount based on Review of Additional Records or

Evidence: **The Parties** agree that **CLS** has reviewed and may review additional records that may

result in adjustments in individual Compensable Days and an increased number of Compensable

Days above the agreed 2,172 Compensable Days for the so far 55 identified Class Members. **Parties** agree that **CLS** and **King County counsel** will confer and try to reach an agreement on any adjustments and additional Compensable Days for these 55 Class Members, within 10 business days of executing this Agreement. CLS will submit information and an exhibit containing a list of these Class Members and agreed Compensable Days as part of the Motion for Preliminary Approval of Settlement. Additionally, **the Parties** agree that any class member may dispute the number of Compensable Days previously agreed upon by **the Parties**. **The Parties** agree that the following provisions will apply to consider such disputes:

a.      Disputes will be resolved on the basis of reliable information to support the challenge. **The Parties** may agree to resolve a dispute without the use of a third party neutral. However, if **the Parties** cannot agree, they will use a third party neutral, share the cost evenly, and agree to be bound by the decision of such neutral regarding the number of compensable days.

b.      If **the Parties** reach agreement on additional days or if the days are deemed compensable by the third party neutral, **King County** agrees to compensate the class member at $500 per day for any additional Compensable Days above the amounts previously determined.

c.      If a day count dispute results in an increase of Compensable Days for one Class Member, the Parties will evaluate whether this should result in an increase of Compensable Days for any other Class Members. For example, if one Class Member asserts that during a week he spent in one unit, all juveniles in that unit were in solitary confinement/restrictive housing and received 1 hour out of their cells per day, and the Parties agree on the basis of the criteria above that the Class

Member is entitled to one more week of Compensable Days, the Parties shall evaluate if other Class Members were in this same unit and if their Compensable Days should also be increased by one week.

8.  <u>Additional Class Members</u>: As of July 15, 2021, **CLS** has provided **King County** with releases of information for 61 of the 85 people currently identified as being possibly in The Class. 55 out of 61 of these individuals were determined to be members of The Class. The payment and Compensable Days count set forth in paragraph 4 above includes compensation and the Compensable Day count for these 55 people and does not include compensation or days for additional people who are possibly Class Members. The illustrative list of class members and possible additional Class Members is included as Exhibit A. **The Parties** agree that this list of Class Members may be amended. **The Parties** agree that these people may be eligible to receive compensation as part of the Settlement Class. **The Parties** agree that, after this matter is filed with the Court and within one business day following entry of an agreed protective order, **King County** will provide **CLS** with classification records for the 24 individuals.  If any of these individuals submits evidence of their intent to participate in this matter prior to expiration of the opt-out period and CLS confirms such intent by letter to King County within three business days after expiration of the opt-out period, and if records show that the individual has Compensable Days as described above,  **King County** agrees that any settlement paid would be in addition to the Settlement Amount described in Paragraph 4 above. **King County** agrees to compensate these additional Settlement Class members at $500 per day for each Compensable Day or prorated for each partial Compensable Day identified following review of records and other available evidence, agreement that the evidence establishes additional Compensable Days, and

agreement on the number of Compensable Days.  **The Parties** agree that any dispute will be resolved as set forth in paragraph 7 above.

9.      Opt Outs:  **The Parties** agree that the following provisions will apply to class members who wish to opt out of the settlement:

a.      If a class member opts out, then any funds allocated to that individual would revert to **King County**.  In that case, the Settlement Amount would decrease by such amount.

b.      The Parties entered into an agreement that tolled applicable statutes of limitation on September 24, 2019. The Parties have extended the term of that tolling agreement on multiple occasions since that time by mutual agreement. The most recent version of this tolling agreement is set to expire on July 25, 2021. The Parties agree that the filing of this action will again toll the applicable statute of limitations for any plaintiff or Class member. The Parties agree that any applicable statute of limitations will not begin to run again as to any member of The Class who opts out of this action until the date following the Court's final approval of this settlement.

c.      If the number of Compensable Days of the class members who opt out collectively exceeds 250 total days of the agreed Compensable Days for the 55 known Class Members who submitted ROIs to CLS as of July 15, 2021. CLS will submit information and an exhibit containing a list of these Class Members and agreed Compensable Days in support of the Motion for Preliminary Approval of Settlement, **King County** has the option of withdrawing its settlement offer within 10 business days following the deadline for receipt of notice of opt out.

Before **King County** exercises its option to withdraw the settlement, counsel for **the Parties** shall meet and confer.

d.     **CLS** shall provide **King County** and the Court with notice of any class member who gives notice that they will opt out.  **CLS** shall provide the notice to **King County** within ten business days of receipt of notice from the class member that they will opt out, regardless of the deadline imposed by the Court for notice of opt out.

10.     Notice:  **The Parties** agree that **CLS** will provide a Notice of Class Action Settlement to all class members as directed by the Court.   **CLS** agrees it is responsible for all costs and responsibility associated with providing required notices to class members.  The content of the Notice and Distribution Plan, and Calculations of Compensable Days for Class Members, if necessary, together with the methods of notification and opt-out provisions, shall be submitted to the Court for preliminary approval by **CLS**, along with a motion for preliminary approval of this settlement, within ten (10) business days after the complaint is filed. **CLS** and King County counsel agree that they will meet and confer, if necessary, to determine if any documents to be filed with the motion for preliminary approval and approval of notice contain sensitive information about class members, such as compensation or contact information, which should be filed under a motion for stipulated seal, pursuant to Western District of Washington Local Civil Court Rule 5. The opt-out period shall begin as the Court directs and a fairness hearing will be held by the Court at the conclusion of the opt-out period.

11.     Payment.  **King County** shall issue payment to **CLS** within ten (10) business days following Final Court Approval of the settlement.   **CLS** shall be solely responsible for distribution of the settlement proceeds, and **King County** shall bear no liability arising out of

same.  Within 180 days after payment is issued by **King County**, **CLS** shall notify **King County** regarding any settlement funds (along with the class member(s) to whom such funds were allocated) it is unable to distribute.  **The Parties** agree that those funds shall be returned to **King County** within fifteen business days following such notification.

12.     **The Parties** agree that should the Court grant final approval of the settlement, such approval will resolve all claims on behalf of class members who have not opted out based on allegations in the Complaint to be filed in this matter by July 26, 2021, including all claims for physical, emotional, psychological or punitive damages.

13.     Should the Court reject approval of the settlement for any reason, **The Parties** agree to negotiate in good faith for an additional 30 days following such rejection in order to attempt to resolve any issues identified in the Court's order. In the event the Court refuses to certify a class in this action, **The Parties** agree that any applicable statute of limitations is tolled until the day after the Court dismisses all claims alleged on behalf of the class.

14.     <u>General Release</u>:  In consideration of the payments described in paragraphs 3-8 above, the **Plaintiffs** as named class representatives and on behalf of all Settlement Class members, for the benefit of themselves, their parents, their marital communities, heirs, executors, administrators and assigns, hereby completely release and forever discharge **King County** and its officers, officials, agents and employees from any and all claims, demands, obligations, actions, causes of action, damages, costs, and fees whether based on a tort, contract or other theory of recovery, legal or equitable, which the **Plaintiffs** as named class representatives and on behalf of all Settlement Class members now have, or may grow out of the subject of **Plaintiffs'** Complaint. **Plaintiffs** as named class representatives and on behalf of all Settlement Class members acknowledge and assume all risk, chance or hazard that their injuries, distress or

damage, whether known or unknown, may be or may become permanent, progressive, greater or more extensive than is now known, anticipated or expected, and including death. **Plaintiffs** as named class representatives and on behalf of all Settlement Class members understand that this settlement is intended to forever eliminate any further or additional claims of whatever nature against **King County**, its employees, officers, and agents or former employees, officers, and agents, arising from the incidents alleged in the complaint. No promise or inducement which is not herein expressed has been made to the **Plaintiffs** and, in executing this Agreement, **Plaintiffs** do not rely upon any statement or representation made by **King County** concerning the nature, extent, or duration of their damages or losses or legal liability. **Plaintiffs** as named class representatives and on behalf of all Settlement Class members further agree to accept payment of the sums specified herein as a complete compromise of matters involving disputed issues of law and fact.  **Plaintiffs** as named class representatives and on behalf of all Settlement Class members assume the risk that the facts or law may be other than as believed. It is understood and agreed to by **the Parties** that this Settlement is a compromise of disputed claims, and the payment and Settlement is not to be construed as an admission of liability on the part of **King County** or its officers, officials, agents and employees.

      15.    <u>Public Records Act and Other Records</u>.  Except as otherwise specified herein, **CLS** agrees to withdraw any pending requests for records sought pursuant to the Washington Public Records Act related to the subject of this settlement agreement, if any, and **CLS** further agrees that **King County** has satisfied its legal obligations by fully responding to CLS's public records requests on behalf of The Class and/or Settlement Class. On November 20, 2020 **CLS** signed a protective agreement to receive unredacted Maleng Regional Justice Center and King County Correctional Facility records, which is included as Exhibit B to this agreement. **King**

**County** agrees that **CLS** may retain, following dismissal of this action, any documents it has received during the pendency of this matter in order to meet its ethical obligations regarding retention of case related records. Except as provided herein, **CLS** agrees to keep unredacted records confidential and only disclose such documents to any party pursuant to a court order or upon written permission of the persons to whom the records pertain. **King County** also agrees that it will provide additional available facility logbooks and hour out logs to **CLS** between class action notice and final settlement approval, if **CLS** requests those records to resolve any day count disputes.

16.     Class Representatives.  **The Parties** agree that the following identified Class Representatives can fairly and adequately represent The Class and all Settlement Class members for purposes of class certification and settlement approval: **Maryanne Atkins, Cedric Jackson, Torry Love, Tristan Pascua,** and **Patrick Tables**.

17.     Stipulation and Order of Dismissal.  **The Parties** agree that they will execute and file a stipulation and order of dismissal within five business days following the Court's full and final approval regarding this matter which may include, but is not limited to, a report regarding settlement distribution.

18.     Severability. In case any one or more of the provisions of this Agreement or any application thereof shall be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions thereof or any other applications thereof shall not in any way be affected or impaired, provided, however, that such remaining provisions do not materially reduce the rights of or increase the obligations or liabilities of any of **the Parties** hereto.

19.     <u>Counterparts</u>. This agreement may be signed in counterparts, each of which counterparts, when executed and delivered, shall be deemed to be an original and all of which counterparts, taken together, shall constitute one and the same Agreement. An electronic signature hereon by either party shall be effective for all purposes and shall be deemed delivery of an original, executed counterpart.  **King County** also agrees that **CLS** can sign this agreement on behalf of the Proposed Named Plaintiffs/Class Representatives with their telephone authority.

20.     <u>Warranty of Authority</u>. Each person signing this Agreement for or on behalf of another person or entity hereby warrants and represents that they have been authorized by such other person or entity to execute this Agreement for such other person or entity, and that this Agreement shall be binding and enforceable upon such other person or entity.

21.     The terms, rights and obligations set forth in or created by this Agreement shall be construed in accordance with the laws of the State of Washington, and all disputes arising under this Agreement shall be governed by the laws of the State of Washington.

22.     <u>Modification of Settlement</u>. This Agreement may be amended or modified only by a written instrument signed by all parties or the counsel for all parties, or their successors-in-interest.

23.     <u>Agreement Binding on Successors and Assigns</u>. This Agreement will be binding upon, and inure to the benefit of, any successors or assigns of **the Parties** hereto and all Settlement Class members.

24.     <u>Entire Agreement</u>. This Agreement, including all exhibits, constitutes the ENTIRE AGREEMENT between **the Parties** and should be interpreted as an integrated whole. The Agreement supersedes all other representations, statements, understandings, and agreements of **the Parties**.

For King County:

_Jennifer Hills_
_____
Jennifer Hills, King County Risk Manager

Date: July 22, 2021
_____


For Columbia Legal Services and on behalf of The Class/Settlement Class:


_____
Nicholas Straley, Proposed Class Counsel


Date:_____


PROPOSED CLASS REPRESENTATIVES:

_____
Maryanne Atkins

Date:_____


_____
Cedric Jackson

Date:_____


_____
Torry Love

Date:_____


_____
Tristan Pascua

For King County:

_____

Jennifer Hills, King County Risk Manager

Date:_____

For Columbia Legal Services and on behalf of The Class/Settlement Class:

_____

Nicholas Straley, Proposed Class Counsel

Date: 7/22/21

PROPOSED CLASS REPRESENTATIVES:

_____

Maryanne Atkins

Date:_____

_____

Cedric Jackson

Date: 7-22-21

_____

Torry Love

Date:_____

_____

Tristan Pascua

For King County:

_____
Jennifer Hills, King County Risk Manager

Date:_____


For Columbia Legal Services and on behalf of The Class/Settlement Class:

_____
Nicholas Straley, Proposed Class Counsel

Date:_____

PROPOSED CLASS REPRESENTATIVES:

_M. atkins_____
Maryanne Atkins

Date:__7/22/21_____


_____
Cedric Jackson

Date:_____


_____
Torry Love

Date:_____


_____
Tristan Pascua

For King County:

_____
Jennifer Hills, King County Risk Manager

Date:_____

For Columbia Legal Services and on behalf of The Class/Settlement Class:

_____
Nicholas Straley, Proposed Class Counsel

Date:_____

PROPOSED CLASS REPRESENTATIVES:

_____
Maryanne Atkins

Date:_____

_____
Cedric Jackson

Date:_____

*torry love*
torry love (Jul 23, 2021 04:45 PDT)
_____
Torry Love

Date: Jul 23, 2021
_____

_____
Tristan Pascua

For King County:

_____

Jennifer Hills, King County Risk Manager

Date:_____

For Columbia Legal Services and on behalf of The Class/Settlement Class:

_____

Nicholas Straley, Proposed Class Counsel

Date:_____

PROPOSED CLASS REPRESENTATIVES:

_____

Maryanne Atkins

Date:_____

_____

Cedric Jackson

Date:_____

_____

Torry Love

Date: Jul 22, 2021_____

_____
Tristan Pascua (Jul 22, 2021 12:03 PDT)

Tristan Pascua

Date:_____

Patrick's Tables (Jul 22, 2021 12:19 PDT)

Patrick Tables

Date:\_\_\_\_Jul 22, 2021_____

**EXHIBIT A**

| | |
|---|---|
| **Maryanne Atkins** | CLASS MEMBER/PROPOSED CLASS REPRESENTATIVE |
| **Cedric Jackson** | CLASS MEMBER/PROPOSED CLASS REPRESENTATIVE |
| **Torry Love** | CLASS MEMBER/PROPOSED CLASS REPRESENTATIVE |
| **Tristan Pascua** | CLASS MEMBER/PROPOSED CLASS REPRESENTATIVE |
| **Patrick Tables** | CLASS MEMBER/PROPOSED CLASS REPRESENTATIVE |
| **Matthew Tua** | CLASS MEMBER |
| **Puaula Titialii** | CLASS MEMBER |
| **Aaron Lee Hopkins** | CLASS MEMBER |
| **Jamel Sneed** | CLASS MEMBER |
| **Andre Franklin** | CLASS MEMBER |
| **Pedro Raul Sanchez** | CLASS MEMBER |
| **Chrissayn Borwieck** | CLASS MEMBER |
| **Diego Carballo-Oliveros** | CLASS MEMBER |
| **Cristian Cervantes** | CLASS MEMBER |
| **Alexander Crisostomo** | CLASS MEMBER |
| **Gianni Cunningham** | CLASS MEMBER |
| **Dell-lon Downs** | CLASS MEMBER |
| **Alex Fidow** | CLASS MEMBER |
| **Carlos Foster** | CLASS MEMBER |
| **Hector Galeano** | CLASS MEMBER |
| **Kailebh Hallock** | CLASS MEMBER |
| **Michael Harrell** | CLASS MEMBER |
| **Alexander Joachin** | CLASS MEMBER |
| **Derrion Lewis** | CLASS MEMBER |
| **Ali Mamdoh** | CLASS MEMBER |
| **Timmothy Miller (AKA Timothy Miller)** | CLASS MEMBER |
| **Daniel Moore** | CLASS MEMBER |
| **Diontae Moore-Lyons** | CLASS MEMBER |
| **Gregory Muna** | CLASS MEMBER |
| **Diante Pellum** | CLASS MEMBER |
| **Jeremiah Perez-Jackson (AKA Jeremiah P. Jackson)** | CLASS MEMBER |

| | |
|---|---|
| **Ernesto Josue Rios-Andrade** | CLASS MEMBER |
| **Anthony Smith** | CLASS MEMBER |
| **Janeice Smith (AKA Janeice Downs or Janeice Downs-Smith)** | CLASS MEMBER |
| **Shane Stebly** | CLASS MEMBER |
| **Syres Stiles** | CLASS MEMBER |
| **Rodney Strickland** | CLASS MEMBER |
| **James Taafulisia** | CLASS MEMBER |
| **Jerome Taafulisia** | CLASS MEMBER |
| **Malik Talbert (AKA Abdi Malik)** | CLASS MEMBER |
| **Patrick Thomas** | CLASS MEMBER |
| **Tofia Vailea** | CLASS MEMBER |
| **Liam Carter** | CLASS MEMBER |
| **Luis Campuzano** | CLASS MEMBER |
| **Deonavan Henry** | CLASS MEMBER |
| **Tyshawn Howell** | CLASS MEMBER |
| **Antonio Inda** | CLASS MEMBER |
| **Adnel Kenjar** | CLASS MEMBER |
| **John Leota** | CLASS MEMBER |
| **Ismael Martinez** | CLASS MEMBER |
| **John Mugo** | CLASS MEMBER |
| **Sergio Salgado-Vanata** | CLASS MEMBER |
| **Michael Jeavoni Smith** | CLASS MEMBER |
| **Dajon Walker** | CLASS MEMBER |
| **Francisco Lopez-Cruz** | CLASS MEMBER |
| **Daniel Enrique Hernandez** | POSSIBLE CLASS MEMBER |
| **Josue Orozco** | POSSIBLE CLASS MEMBER |
| **Tyler Clay** | POSSIBLE CLASS MEMBER |
| **Courtney Jamal Mortimer** | POSSIBLE CLASS MEMBER |
| **Christian Tonga** | POSSIBLE CLASS MEMBER |
| **Christian Rivera-Ochoa** | POSSIBLE CLASS MEMBER |
| **Christopher Card** | POSSIBLE CLASS MEMBER |
| **Rashad McAdory** | POSSIBLE CLASS MEMBER |
| **Tayshawn Howard** | POSSIBLE CLASS MEMBER |
| **Glennalynn Muna** | POSSIBLE CLASS MEMBER |
| **Damian Osorio Dills** | POSSIBLE CLASS MEMBER |
| **Francisco Herrera** | POSSIBLE CLASS MEMBER |

| | |
|---|---|
| **Jaydze Sabala** | POSSIBLE CLASS MEMBER |
| **Fernando Valenzuela** | POSSIBLE CLASS MEMBER |
| **Henry Hicks** | POSSIBLE CLASS MEMBER |
| **Austin Glore** | POSSIBLE CLASS MEMBER |
| **Keith Sims** | POSSIBLE CLASS MEMBER |
| **Sebastian Guajardo** | POSSIBLE CLASS MEMBER |
| **Qwajaire Austin** | POSSIBLE CLASS MEMBER |
| **Gaither Sekesa** | POSSIBLE CLASS MEMBER |
| **Loyan Ahmed** | POSSIBLE CLASS MEMBER |
| **Jonathan Anderson** | POSSIBLE CLASS MEMBER |
| **Manuel  Dejesus Ramirez** | POSSIBLE CLASS MEMBER |
| **Angel Diaz-Barillas** | POSSIBLE CLASS MEMBER |

## <u>EXHIBIT B</u>

**Agreement re: Restrictive Housing Claims and Unredacted Jail Records**

1. Columbia Legal Services (CLS) has provided signed releases of information regarding a number of individuals who were previously incarcerated in King County as juveniles (either under age 18 or as that term is defined in Ordinance 18637) and subject to adult prosecution.  King County has provided jail and public health records in response to those releases.

2. There are additional jail facility records including, but not limited to, logbooks and hour out logs, which may contain information about the individuals described in paragraph 1 above.  However, those records also contain information that must be protected pursuant to RCW 70.48.100 and department policy.

3. CLS and King County are attempting to reach a global resolution regarding the restrictive housing claims of the individuals described in paragraph 1 above, and others similarly situated.

4. The parties agree that Columbia Legal Services can review and receive unredacted copies of jail records in order to expedite review and facilitate further settlement discussions.

5. Columbia Legal Services agrees that the records will not be shared with anyone and will only be used for the purpose of resolving the restrictive housing claims.  However, to the extent the records contain information about an individual described in paragraph 1 above, CLS may discuss the content of such records with the individual in order to facilitate settlement.

6. Within 10 business days of the conclusion of the negotiation of this matter, whether due to a settlement or because the matter is proceeding to litigation, Columbia Legal Services agrees to return the unredacted documents to King County.


DATED: 11/20/20


(Alison Bilow, WSBA 49823)

COLUMBIA LEGAL SERVICES